✎AO 241
(Rev. 10/07)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|

| Name (under which you were convicted):<br><br>KEITH COOPER | Docket or Case No.:<br><br>498-075, Section "J" |
|---|---|

| Place of Confinement :<br>LOUISIANA STATE PENITENTIARY | Prisoner No.:<br><br>00429891 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>KEITH COOPER | Respondent (authorized person having custody of petitioner)<br><br>DARREL VANOY |
|---|---|

v.

| The Attorney General of the State of    Louisiana |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    CRIMINAL DISTRICT COURT, Sec. "J."
    New Orleans, La.

    (b) Criminal docket or case number (if you know):     429-891

2.  (a) Date of the judgment of conviction (if you know):   APRIL 5TH 2011, jury verdict

    (b) Date of sentencing:    12/11/2013  Resentencing

3.  Length of sentence:     50 YEARS  for Armed Robbery, 10 Years Possession of Stolen Property

4.  In this case, were you convicted on more than one count or of more than one crime?     ☒ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    POSSESSION OF STOLEN PROPERTY --10 YEARS

    2 COUNTS ARMED ROBBERY 50 YEARS UPON EACH --CONCURRENT

6.  (a) What was your plea? (Check one)

    ☒ (1)    Not guilty          ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty              ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury  ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes  ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   LOUISIANA FOURTH CIRCUIT

(b) Docket or case number (if you know):   State  v. Keith Cooper, 120 So.3d 844 (La. App. 4th Cir., 2013)

(c) Result:   CONVICTION AFFIRMED-50 YEAR SENTENCES REVERSED AND REMANDED

(d) Date of result (if you know):   JULY 10, 2013

(e) Citation to the case (if you know):   State  v. Keith Cooper, 120 So.3d 844 (La. App. 4th Cir., 2013)

(f) Grounds raised:   Error 1.) Faillue to Sever Offenses

Error 2.) Trial Judge Entered Deliberating Jury and delivered ex parte instructions/due process violation.
Error 3.) Due Process Violation-conviction upon insufficent evidence-tainted identification proceedure.

(g) Did you seek further review by a higher state court?     ☒ Yes  ☐ No

If yes, answer the following:

(1) Name of court:   Louisiana Supreme Court

(2) Docket or case number (if you know):   State  v. Keith Cooper, 134 So.3d 1174 ,  (La. S. Ct. Feb. 28,2014)

(3) Result:   DENIED

(4) Date of result (if you know):   Feb. 28,2014)

134 So.3d 1174 ,

(5) Citation to the case (if you know):

(6) Grounds raised:   1.) Whether  a Louisiana citizen who is tried by a jury for a crime has the same due process rights as citizens engaged in civil litigation before a jury.

2. The Fourth Circuits opinion affirming the denial of the Motion to Sever, is in conflict with established law.

3. Mr. Cooper's conviction on Count One cannot withstand proper sufficiency analysis.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   CRIMINAL DISTRICT COURT, Sec. "J."

(2) Docket or case number (if you know):  429-891

(3) Date of filing (if you know):  05/28/2015

(4) Nature of the proceeding:  Post Conviction Relief Application

(5) Grounds raised:           1. )Ineffective Assistance -Failure to Know the Law Governing Jury Trials-Supported by Affidavit of Judson Mitchell-Trial Counsel- stating he was not aware the law prohibited ex parte instructions to a deliberating jury. Along with failure to know how to conduct a multi-cout trial-confused evidence-confused verdict-failure to take note of what was occuring or take any step to remedy it or to object.

2. Judge delivering ex parte instructions to a deliberating jury-with no reocrd of those instructions-created a structural error  mandating a new trial. State of Louisiana  declared error was "waived" on direct appeal and failed to acknowledge Judgson Mitchell's confession to not knowing the law in Post Conviction Proceedings-declaring it a "strategic decision."

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   Judge who engaged in the unlawful action of delevering ex parte jury instructions ruled that trial counsel made a "strategic decison" to allow judge to violate the law.

(8) Date of result (if you know):  Per Curium Denial of PCR-Served on Mr.
Cooper 8-16-19

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes    ☐   No

      (7) Result:

      (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑  Yes      ❑  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ☒  Yes      ❑  No

(2)  Second petition:      ❑  Yes      ❑  No

(3)  Third petition:      ❑  Yes      ❑  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**      INEFFECTIVE ASSISTANCE OFCOUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Cooper's lawyer did not know the law governing jury trials and more particularly the law governing the instructing of deliberating juries-his Affidavit established that.
Further, this trial was conducted in such a haphazard manner, no participant could have known what they were returning verdicts upon-the evidence was not presented in the order of the Bill of Information's Counts and the verdict sheets did not conform to the Bill of Information's Counts or the order evidence was adduced.  This multiple count Armed Robbery case, in which there was little unique regarding the robberies, should have had the counts severed for trial particularly one by student practioners.
Additionally, as Cooper was arrested in a recently stolen vehicle, belonging to one of the victims, to have not  plead that count out, prior to trial, evinced a failure of baseline knowledge of how to conduct a jury trial by the Loyola Law School Clinic. Further, Counts 1 & 4, vicim Lavoy-Cooper was not idenified as perpetrator in open court before the jury.  No vicitm any count described facial tatoos Coooper has.
(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

     (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☒ Yes    ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:      Post Conviciton Relief Application

     Name and location of the court where the motion or petition was filed:

          CRIMINAL DISTRICT COURT, Sec. "J."

     Docket or case number (if you know):   429-891

     Date of the court's decision:   Per Curium Denial of PCR-Served on Mr. Cooper 8-16-19

     Result (attach a copy of the court's opinion or order, if available):

     (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

     (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

     (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

     (6) If your answer to Question (d)(4) is "Yes," state:

     Name and location of the court where the appeal was filed:   FOURTH CIRCUIT COURT OF APPEAL

     Docket or case number (if you know):      2019-K-0997

     Date of the court's decision:   2/17/2019

     Result (attach a copy of the court's opinion or order, if available):

     (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:** Petitioner denied due process of law when Petitioner's Conviction was Affirmed, Judge's Conduct was condoned upon the basis of the Law Clinic's "failureto object "civil verdicts reversed under same circumstances . Statutory law prohibits this conduct-no record of *ex parte* instructions that were given. Also the Lavoy conviction violated due process-Lavoy never identified Cooper.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Record Speaks for
Itself.
 Judge Derbigny stated "In an effort to clarify the content of that note, the Court brought the jury back down to the courtroom, queried the foreperson, as well as other jurors in an effort to clarify that note. That effort did not succeed. After conference with both the State and Defense, it was agreed that the Judge would take the admittedly unusual step of entering the jury room in order to attempt to clear up the confusion about the status quo of the various deliberations. The judge then advised the lawyers of the ex parte exchange between himself and the members of the jury and came to understand that of the four counts total pending against the two defendants, that a verdict had only been reached in one of those counts. " I then instructed the jury that they were to continue their deliberation and come to whatever verdict they were able to on the remaining counts. Any counts on which they were unable to reach a consensus and therefore a verdict, were then to be put aside and the effort made to move on to the next count in order to see whether a consensus could be reached. " (Rec. V. 2, Tr. p. 201, lines 23-32, Tr. p. 202, lines 1-22).

(b) If you did not exhaust your state remedies on Ground Two, explain why:




(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:




(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒x  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  PCRA

Name and location of the court where the motion or petition was filed:  CRIMINAL DISTRICT COURT, Sec. "J."


Docket or case number (if you know):  429-891

Date of the court's decision:  Per Curium Denial of PCR-Served on Mr. Cooper 8-16-19

✎AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❏ Yes        ❏XX No

(4) Did you appeal from the denial of your motion or petition?     ❏X Yes       ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏X Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

     FOURTH CIRCUIT COURT OF APPEAL

Docket or case number (if you know):   2019-K-0997

Date of the court's decision:   12/17/2019

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?      ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐ Yes      ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes      ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?                     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?                ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☒ Yes      ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?      ☐ Yes   ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?      ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: *DANIEL LUNEAU;DANIEL LUNEAU WAS SUPERVISED BY*
*ATTORNEY/PROFESSOR J.D.MITCHELL.*

(b) At arraignment and plea: *DON DONNELLY P. D. STOOD IN FOR ARRAIGNMENT*
*ONLY*

(c) At trial:   Judson Mitchell, Loyola Law School Clinical Law Program Professor and Danny
Luneau-Student Practitioner

(d) At sentencing:   Judson Mitchell, Loyola Law School Clinical Law Program Professor and Danny
Luneau-Student Practitioner/RESENTENCING: Martin Regan, Jr., 2125 St.
Charles ,NOLA, 70130

(e) On appeal:   C. Gary Wainright, 2739 Tulane Ave., NOLA, 70119(Direct Appeal).

Martin Regan, Jr., 2125 St. Charles ,NOLA, 70130( Cert Application)

(f) In any post-conviction proceeding:
C. Gary Wainwright, 2739 Tulane Ave., NOLA, 70119

(g) On appeal from any ruling against you in a post-conviction proceeding:

C. Gary Wainwright, 2739 Tulane Ave., NOLA, 70119

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes        ☒  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes        ☐  No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

La. S. Ct. DIRECT APPEAL CERT DENIED 02/28/2014

90 days to seek cert ot US S. Ct. 05/29/2014

State PCR filed on 05/28/2015

La. S. Ct.    Denied Cert *in part* on 03/02/2020 and ORDERED- REMAND for Resentencing
NOT SCHEDULED AS OF THIS DATE

CURRENTLY PENDING-FILED- *Application for Rehearing* soley upon issue of how
can the decision to allow the judge to instruct the jury ex parte have been a  "a strategic
decision," given Affidavit of Judson Mitchell, trial counsel, that he did not know the law
prohibited ex parte jury instructions to deliberating jury.

Application for Rehearing-Attached

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

✎AO 241                                                                                            Page 16
(Rev. 10/07)

(2)      The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Reverse his convicitons due to the structral error engendered by his counseel not knowing the law and
"consenting" to the trial court's judge's suggestion that he go into the jury room of the deadlocked jury
at 11 pm at night and instruct the jury *ex parte*. REMAND FOR TRIAL CONDUCTED IN
COMFORMITY WITH THE LAW

or any other relief to which petitioner may be entitled.

_____
                        *C. gary Wainwright.*
                        Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____  (month, date, year).

Executed (signed) on _____ (date).

_____
                        Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*(P.23)*

STATE OF LOUISIANA
CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS
SECTION J

## FILE COPY

STATE OF LOUISIANA                                  CASE No. 498-075

V.

KEITH COOPER

---

### RULING

---

On April 5, 2011, Petitioner, Keith Cooper, was found guilty of two counts of armed robbery and one count of illegal possession of a stolen automobile.  On July 28, 2011, the Petitioner was sentenced to fifty years at hard labor with the Department of Corrections for each count of armed robbery and ten years at hard labor with the Department of Corrections for one count of illegal possession of a stolen automobile.

Petitioner submitted an application for post-conviction relief May 28, 2015 alleging, *inter alia*, nine separate complaints regarding ineffective assistance of counsel by Judson Mitchell and the Loyola Law Clinic.  On September 24, 2015, the State filed procedural objections to all of the Petitioner's claims except the claim of ineffective assistance.  The State's procedural objections were granted September 21, 2018.  On October 26, 2018, the State then filed their response on the merits to the Petitioner's remaining ineffective assistance of counsel claims.  This matter is now ripe for this Court's ruling pursuant to La. C.Cr.P. Art. 929(A).

<u>Ineffective Assistance of Counsel</u>

It is fundamental that criminal defendants have a constitutional right to effective legal counsel. A post-conviction claim of ineffective assistance of trial counsel is to be assessed by Strickland's two-part test.  *State v. Johnson*, App. 4 Cir.1991, 582 So.2d 885, *writ denied in part, not considered in part* 605 So.2d 1357.

Under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.

1



RESPONDENT'S EXHIBIT
9

2052, 80 L.Ed.2d 674 (1984), and *State v. Washington*, 491 So.2d 1337 (La.1986), a

conviction must be reversed if the defendant proves (1) that counsel's performance fell

below an objective standard of reasonableness under prevailing professional norms, and

(2) counsel's inadequate performance prejudiced defendant to the extent that the trial

was rendered unfair and the verdict suspect. *State v. Legrand*, 2002–1462 (La.12/3/03),

864 So.2d 89.

There is a strong presumption that counsel's performance is within the wide range

of effective representation.  In *State v. LaCaze*, 99–0584 (La.1/25/02), 824 So.2d 1063,

the Louisiana Supreme Court discussed the effective assistance of counsel that a

criminal defendant is afforded:

> The Sixth Amendment does not guarantee "errorless counsel
> [or] counsel judged ineffective by hindsight," but counsel
> reasonably likely to render effective assistance. Judicial
> scrutiny must be "highly deferential" and claims of ineffective
> assistance are to be assessed on the facts of the particular case
> as seen from "counsel's perspective at the time," hence, courts
> must indulge "a strong presumption that counsel's conduct falls
> within the wide range of reasonable professional assistance."
>
> *Id*. at 1078-79; See also *State v. Soler*, 93–1042 (La.App. 5 Cir.
> 4/26/94), 636 So.2d 1069, 1075.

"Hindsight is not the proper perspective for judging the competence of counsel's

trial decisions. Neither may an attorney's level of representation be determined by

whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724

(La.1987).  If trial counsel's actions fall "within the ambit of trial strategy," they do not

establish "ineffective assistance of counsel." *State v. Bienemy*, 483 So.2d 1105, 1107

(La.App. 4th Cir.1986).

Petitioner has failed to make a showing that counsel's performance fell below an

objective standard of reasonableness and that such performance rendered the guilty

verdicts by the jury suspect.  In examining each of the nine separate allegations of

ineffective assistance put forth by the Petitioner, it is clear to this Court that Mr. Mitchell

was operating with a clear strategy to defend the Petitioner's case.  Although the strategy

employed by counsel was not successful for all of the counts for which the Petitioner

2

went to trial, the success of counsel's strategy is not the measure of his effectiveness. The fact that the Petitioner was found not guilty of one of the four counts with which he was charged demonstrates to this Court that Mr. Mitchell and the Loyola Law Clinic's actions complained of by the Petitioner fell within the "ambit of trial strategy," were reasonable, and adhered to prevailing professional norms.

Since the actions taken by Petitioner's counsel were reasonable and adhered to prevailing professional norms, none of the Petitioner's allegations credibly demonstrate that he was prejudiced by counsel's performance, much less to the extent that the jury's verdict in this case is suspect. Therefore, the Petitioner's claims of ineffective assistance of counsel are without merit.

This Court has determined that the factual and legal issues can be resolved on the Petitioner's application and the State's response. As such, it is hereby **ORDERED, ADJUDGED, and DECREED** that Petitioner's application for post-conviction relief is **DENIED** without further proceedings pursuant to La. C.Cr.P. Art. 929(A).

NEW ORLEANS, LOUISIANA, this ___22ⁿᵈ___ day of ___February___, 2019.

_____
Judge Darryl A. Derbigny

NO. 2019-K-0997

COURT OF APPEAL, FOURTH CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

KEITH COOPER

IN RE:          KEITH COOPER

APPLYING FOR: SUPERVISORY WRIT

DIRECTED TO:   HONORABLE DARRYL A. DERBIGNY
               CRIMINAL DISTRICT COURT ORLEANS PARISH
               SECTION "J", 429-891

**WRIT DENIED**

    Relator seeks review of the trial court's August 16, 2019 denial of his application for post-conviction relief. The record supports the trial court's conclusion that trial counsel was competent and that the alleged errors fall under the category of trial strategy. The writ is denied.

    New Orleans, Louisiana this __17th__ day of December 2019.

 

 

_____
JUDGE TERRI F. LOVE

_____
JUDGE ROLAND L. BELSOME

_____
JUDGE TIFFANY G. CHASE

A TRUE COPY
NEW ORLEANS
DEC 1 ? 2019
_____ CLERK
COURT OF APPEAL FOURTH CIRCUIT

16

03/02/2021 "See News Release 008 for any Concurrences and/or Dissents."

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

**VS.**                                                    No.2020-KP-00105

**KEITH COOPER**

— — — — — —

IN RE: Keith Cooper - Applicant Defendant; Applying For Supervisory Writ, Parish of Orleans Criminal, Criminal District Court Number(s) 429-891, Court of Appeal, Fourth Circuit, Number(s) 2019-K-0997;

— — — — — —

**March 02, 2021**

Writ application granted in part. See per curiam.

SJC

JLW

JDH

JTG

WJC

JBM

PDG

Supreme Court of Louisiana
March 02, 2021

Clerk of Court
For the Court

03/02/21

# SUPREME COURT OF LOUISIANA

## No. 2020-KP-00105

## STATE OF LOUISIANA

### versus

## KEITH COOPER

### ON SUPERVISORY WRIT TO THE CRIMINAL
### DISTRICT COURT, PARISH OF ORLEANS

**PER CURIAM**:

Writ granted in part; otherwise denied. Applicant was charged with three counts of armed robbery with the use of a firearm, La.R.S. 14:64, La.R.S. 14:64.3, and one count of illegal possession of a stolen automobile, La.R.S. 14:69. He was found guilty as charged of two counts of armed robbery with the use of a firearm, not guilty of one count of armed robbery with the use of a firearm, and guilty as charged of illegal possession of a stolen automobile. The district court sentenced him to serve 50 years imprisonment at hard labor for each armed robbery with the use of a firearm, and 10 years imprisonment at hard labor for illegal possession of a stolen automobile, with the sentences to be served concurrently.

On direct review, the court of appeal affirmed the convictions and the sentence for illegal possession of a stolen automobile. The court of appeal found as an error patent that the sentences for armed robbery with the use of a firearm were indeterminate because the district court did not specify that five years of those sentences resulted from the application of La.R.S. 14:64.3. Accordingly, the court of appeal vacated the sentences for armed robbery with the use of a firearm and remanded

for resentencing. *State v. Cooper*, 2012-0174 (La. App. 4 Cir. 7/10/13), 120 So.3d 844,

*writ denied*, 2013-1931 (La. 2/28/14), 134 So.3d 1174.

The court of appeal erred in finding the sentences were indeterminate as an error

patent. *See State v. Brown*, 2019-0071 (La. 10/14/20), 302 So.3d 1109. In *Brown*, this

Court clarified:

> The 1926 indeterminate sentence law provided that, except as to certain
> enumerated offenses, the sentence imposed should include both a
> minimum and maximum term. *See* 2916 La. Acts 222. Under this law,
> after serving the minimum term of his sentence a prisoner was eligible for
> parole. To remedy confusion over the correct interpretation and
> application of this law, Article 529 of the Code of Criminal Procedure
> was amended in 1942 to require determinate sentences of fixed terms of
> imprisonment. *See* 1942 La. Acts 46.
>
> At present, La.C.Cr.P. art. 879 continues to require that a term of
> imprisonment be a fixed number of years by providing that "[i]f a
> defendant who has been convicted of an offense is sentenced to
> imprisonment, the court shall impose a determinate sentence." This article
> is routinely misapplied by the intermediate appellate courts to find
> determinate, fixed term sentences to be indeterminate when a district
> court has not specified that five years of a fixed sentence result from the
> firearms enhancement provision of La.R.S. 14:64.3(A). The intermediate
> appellate courts vacate such sentences in errors patent review. *See, e.g.,
> State v. Billingsley*, 11-1425 (La. App. 3 Cir. 3/14/12, 86 So.3d 872; *State
> v. Long*, 11-0313 (La. App. 5 Cir. 12/13/11), 81 So.3d 875; *State v.
> Adams*, 10-1140 (La. App. 4 Cir. 6/1/11), 68 So.3d 1165; *State v.
> Weaver*, 38,322 (La. App. 2 Cir. 5/12/04), 873 So.2d 909.
>
> As a rule of thumb, however, if it is possible to calculate a parole
> eligibility or full-term release date, then the sentence is not indeterminate.
> While it is possible that defendant's sentences did not include the firearms
> enhancement and were therefore illegally lenient, they were not
> indeterminate. Furthermore, the State did not complain on appeal that the
> sentences were illegally lenient. Therefore, the court of appeal erred in
> finding as an error patent that they were indeterminate and in vacating
> them, absent any complaint by the State that the district court failed to
> apply the mandatory firearms enhancement.

*Brown*, 2019-00771, pp. 1–2, 302 So.3d at 1110. Likewise, here the originally imposed

sentences were not indeterminate, and the State did not seek review of the sentences

imposed.

On remand, while the minute entry is unclear, it appears that the district court

2

resentenced defendant to two terms of five years imprisonment at hard labor for armed robbery with a firearm, and a third term of 45 years imprisonment at hard labor for an unspecified third offense. The confusion arises, in part, because the minute entries number the counts inconsistently and in a manner that differs from the charging instrument. To resolve that confusion, we grant the application in part to vacate the sentences imposed by the district court on remand from the court of appeal, and we remand to the district court with instructions to resentence defendant. In resentencing, the district court is further ordered to clearly indicate, with reference to the counts as they are numbered in the charging instrument, the nature of each offense, the statutes violated, and the terms of imprisonment imposed. In doing so, we note that the 10-year sentence for illegal possession of a stolen automobile was left intact by the court of appeal previously. Therefore, the only sentences vacated by the court of appeal previously and for which defendant must be resentenced now are two counts of armed robbery with the use of a firearm, La.R.S. 14:64, La.R.S. 14:64.3.

The application is otherwise denied. Applicant fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of

3

the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is further ordered to record a minute entry consistent with this per curiam.

**REMANDED**

**SUPREME COURT**

**STATE OF LOUISIANA**

**NO. <u>2020-KP-00105</u>**


**STATE OF LOUISIANA**

**VERSUS**

**KEITH COOPER**


**ON WRIT OF CERTIORARI FROM THE FOURTH CIRCUIT COURT OF APPEAL,**
**NO. 2019-K-0997,**
**AND THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS,**
**SECTION 'J', DOCKET NO. 429-891**
**HONORABLE DARRYL A. DERBIGNY, DISTRICT COURT JUDGE**


**LIMITED APPPLICATION FOR REHEARING ON THE ISSUE OF JUDGE'S *EX PARTE* COMMUNICATION WITH THE DELIBERATING JURY**


***\*A Post-Conviction Matter***

Respectfully submitted:

*C. gary Wainwright*
C. Gary Wainwright, LSBA No. 19858
2739 Tulane Avenue
New Orleans, Louisiana 70119
Telephone: 504.827.9900
Attorney for Petitioner

**<u>INDEX</u>**

Legal Authority…………………………………………………………………………...ii

Law and Argument…………………………………………………………………………..1

Prayer…………………………………………………………………………………...4

**<u>ATTACHMENTS</u>**

1. State  v. Cooper, No. 2020-KP-00105


2. Judson Mitchell -Affidavit

# <u>LEGAL AUTHORITY</u>

<u>Constitutional Authority</u>

Sixth Amendment to the U.S. Constitution…………………......……………….4

<u>Statutory Authority</u>

La. C.Cr.P. art. 808 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

La. C.Cr.P. art. 831 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

<u>Case Law</u>

*Hinton v. Alabama,* 517 U.S. 263, 274, 134 S.Ct. 1067, 188 L.Ed.2d 1 (2014) . . . 3

*Gideon v. Wainright*, 372 U.S. 335, 344, 106 S.Ct. 2574, 9 L.Ed.2d 799 (1963). . 3

*Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . 2

*Williams v. Taylor,* 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) . . . . . . . . . . . . . . . . 4

Counsel respectfully requests this Honorable Court to reconsider particularly that portion of its opinion in State v. Cooper, 2020-KP-0105 (La.3/2/21), which determined that trial counsel's lack of knowledge of the law governing jury trials, did not constitute ineffective assistance in order to establish  conclusively that he has met his exhaustion requirement.[1]

In this Court's *per curiam* dated March 2, 2021*, (see State v. Cooper,* 2020-KP-0105 (La, 3/2/21)), with respect to this issue,  the Court merely stated: "Applicant fails to show that he received ineffective assistance of counsel under the standard of  *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)."

This conclusion was reached despite his attorney having allowed the trial judge to communicate with the sequestered and deliberating jury *ex parte* and in spite of the attorney's admission that he did not know that the law prohibited such communication.[2] Shortly after the  e*x parte* instructions given by the trial court judge to the sequestered, deliberating jury, the jury rendered  it's guilty verdicts.

Trial counsel's affidavit establishes that he did not know the law governing jury trials that prohibits *ex parte* instructions.  He failure to know the law led to the trial judge's *ex parte* instructions which, in turn, led to the jury's verdicts,  marking a direct line of causation.[3]

Both the trial court judge and the Fourth Circuit attributed this structural error to "trial strategy." Trial counsel's error was an inexcusable mistake of law, not a "trial strategy."

---

[1] *Cooper v. Vannoy*, 2:21-cv-00497-CJB-JVM, is currently stayed at the United States District Court for the Eastern District of Louisiana, awaiting compliance with this Honorable Court's remand.

[2] Louisiana Code of Criminal Procedure art. 808 dictates that a jury must be brought in to open court in the presence of defendant and state to receive on the record further instructions.
Louisiana Code of Criminal Procedure art. 831 provides that the defendant shall be present "at all proceedings when the jury is present."

[3] Undersigned has attached the affidavit of trial counsel Judson Mitchell to this Application for Rehearing.

## LAW AND ARGUMENT

### Ignorance of the Law is Not a Strategy

Undersigned requests this Honorable Court's reconsideration on the limited issue of whether the petitioner's trial counsel,  who admittedly did not know that it was unlawful for a trial judge to provide *ex parte* instructions at 11 p.m., to the sequestered deliberating jury, particularly after the jury had stated in open court they were  deadlocked for three hours **on the first count** and had not even begun consideration of the others, was effective for purposes of the Sixth Amendment and *Strickland, id..*

Effective representation is a fundamental right of accused citizens; it assures the fairness, and thus the legitimacy, of the adversary process. See *Gideon v. Wainright*, 372 U.S. 335, 344, 106 S.Ct. 2574, 9 L.Ed.2d 799 (1963).

The critical question in this matter and the sole issue upon which reconsideration is requested, is whether such a structural error can be validly "waived" by an attorney who admittedly did not know the governing law?

In petitioner's Writ Application to this Honorable Court under Section II.  of the Law and Argument portion, *Ignorance of the Law is Not a Strategy*, petitioner urged this Court to find that ignorance of the law is not a "trial strategy." Counsel hereby respectfully provides this Honorable Court with citations to two cases addressing precisely that rubric.[4]

In *Hinton v. Alabama*, the U.S. Supreme Court determined that Hinton's counsel was ineffective when he failed to apply for funding for an expert because counsel **believed** the cap for such funding had already been reached, which was "an inexcusable mistake of law" according to the court. 517 U.S. 263, 274, 134 S.Ct. 1067, 188 L.Ed.2d 1 (2014).

---

[4]Counsel accepts responsibility for not having provided these citations in his original certiorari application on behalf of Mr. Cooper.

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the U.S. Supreme Court again found that the accused was denied his constitutionally guaranteed right to the effective assistance of counsel, as defined in *Strickland*, when his counsel failed to present substantial mitigating evidence to the jury because he **believed** state law did not permit it. *Williams* was a death penalty case in which the attorney failed to present mitigating evidence at the sentencing trial "not because of any strategic calculation but because [counsel] incorrectly thought that the state law barred access" to records which would have evidenced Williams' dastardly childhood. *Williams*, 529 U.S. at 364. The court stated that the failure to know the law and introduce that evidence was "not justified by a tactical decision." *Id*. That court ruled the error was a failure under *Strickland*. *Id*.

Each of the aforementioned cases revolves around questions of law which any competent lawyer could have learned the answer to with simple enquiry. In each case, trial counsel did not know the law and did make the appropriate inquiries which would have yielded effective assistance.

In this case, petitioner's trial counsel had a duty to pick up the Louisiana Code of Criminal Procedure and locate the appropriate article and tell the judge: "No."[5] He failed at that. Instead trial counsel acceded to the judge's admittedly "highly unusual request" and allowed the trial judge to instruct the deadlocked, sequestered and deliberating jury *ex parte*.

---

[5] This failure to know the law is all the more troubling as this lawyer is the "Supervising Attorney" for Loyola Law School's clinical practice program; as well as, a professor of law.

## PRAYER

No attorney and likewise no court, should claim that a particular and crucial decision  was a "strategic" choice,  when the error was made out of admitted ignorance.

Counsel hereby prays this Court reverse Mr. Cooper's convictions and remand the matter for a trial conducted in conformity with the law.

Respectfully Submitted:

C. GARY WAINWRIGHT(19858)
Attorney for the Accused
2739 Tulane  Avenue
New Orleans, La., 70119
(504) 827-9900
cgarywainwright@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing as served upon the District Attorney the date  of filing.

C. GARY WAINWRIGHT(19858)

03/02/2021 "See News Release 008 for any Concurrences and/or Dissents."

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No.2020-KP-00105

**VS.**

**KEITH COOPER**

— — — — — —

IN RE: Keith Cooper - Applicant Defendant; Applying For Supervisory Writ, Parish of Orleans Criminal, Criminal District Court Number(s) 429-891, Court of Appeal, Fourth Circuit, Number(s) 2019-K-0997;

— — — — — —

**March 02, 2021**

Writ application granted in part. See per curiam.

SJC

JLW

JDH

JTG

WJC

JBM

PDG

Supreme Court of Louisiana
March 02, 2021

Clerk of Court
For the Court

03/02/21

# SUPREME COURT OF LOUISIANA

## No. 2020-KP-00105

## STATE OF LOUISIANA

**versus**

## KEITH COOPER

### ON SUPERVISORY WRIT TO THE CRIMINAL
### DISTRICT COURT, PARISH OF ORLEANS

**PER CURIAM:**

Writ granted in part; otherwise denied. Applicant was charged with three counts of armed robbery with the use of a firearm, La.R.S. 14:64, La.R.S. 14:64.3, and one count of illegal possession of a stolen automobile, La.R.S. 14:69. He was found guilty as charged of two counts of armed robbery with the use of a firearm, not guilty of one count of armed robbery with the use of a firearm, and guilty as charged of illegal possession of a stolen automobile. The district court sentenced him to serve 50 years imprisonment at hard labor for each armed robbery with the use of a firearm, and 10 years imprisonment at hard labor for illegal possession of a stolen automobile, with the sentences to be served concurrently.

On direct review, the court of appeal affirmed the convictions and the sentence for illegal possession of a stolen automobile. The court of appeal found as an error patent that the sentences for armed robbery with the use of a firearm were indeterminate because the district court did not specify that five years of those sentences resulted from the application of La.R.S. 14:64.3. Accordingly, the court of appeal vacated the sentences for armed robbery with the use of a firearm and remanded

for resentencing. *State v. Cooper*, 2012-0174 (La. App. 4 Cir. 7/10/13), 120 So.3d 844,

*writ denied*, 2013-1931 (La. 2/28/14), 134 So.3d 1174.

The court of appeal erred in finding the sentences were indeterminate as an error

patent. *See State v. Brown*, 2019-0071 (La. 10/14/20), 302 So.3d 1109. In *Brown*, this

Court clarified:

> The 1926 indeterminate sentence law provided that, except as to certain enumerated offenses, the sentence imposed should include both a minimum and maximum term. *See* 2916 La. Acts 222. Under this law, after serving the minimum term of his sentence a prisoner was eligible for parole. To remedy confusion over the correct interpretation and application of this law, Article 529 of the Code of Criminal Procedure was amended in 1942 to require determinate sentences of fixed terms of imprisonment. *See* 1942 La. Acts 46.
>
> At present, La.C.Cr.P. art. 879 continues to require that a term of imprisonment be a fixed number of years by providing that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." This article is routinely misapplied by the intermediate appellate courts to find determinate, fixed term sentences to be indeterminate when a district court has not specified that five years of a fixed sentence result from the firearms enhancement provision of La.R.S. 14:64.3(A). The intermediate appellate courts vacate such sentences in errors patent review. *See, e.g., State v. Billingsley*, 11-1425 (La. App. 3 Cir. 3/14/12, 86 So.3d 872; *State v. Long*, 11-0313 (La. App. 5 Cir. 12/13/11), 81 So.3d 875; *State v. Adams*, 10-1140 (La. App. 4 Cir. 6/1/11), 68 So.3d 1165; *State v. Weaver*, 38,322 (La. App. 2 Cir. 5/12/04), 873 So.2d 909.
>
> As a rule of thumb, however, if it is possible to calculate a parole eligibility or full-term release date, then the sentence is not indeterminate. While it is possible that defendant's sentences did not include the firearms enhancement and were therefore illegally lenient, they were not indeterminate. Furthermore, the State did not complain on appeal that the sentences were illegally lenient. Therefore, the court of appeal erred in finding as an error patent that they were indeterminate and in vacating them, absent any complaint by the State that the district court failed to apply the mandatory firearms enhancement.

*Brown*, 2019-00771, pp. 1–2, 302 So.3d at 1110. Likewise, here the originally imposed

sentences were not indeterminate, and the State did not seek review of the sentences

imposed.

On remand, while the minute entry is unclear, it appears that the district court

2

resentenced defendant to two terms of five years imprisonment at hard labor for armed robbery with a firearm, and a third term of 45 years imprisonment at hard labor for an unspecified third offense. The confusion arises, in part, because the minute entries number the counts inconsistently and in a manner that differs from the charging instrument. To resolve that confusion, we grant the application in part to vacate the sentences imposed by the district court on remand from the court of appeal, and we remand to the district court with instructions to resentence defendant. In resentencing, the district court is further ordered to clearly indicate, with reference to the counts as they are numbered in the charging instrument, the nature of each offense, the statutes violated, and the terms of imprisonment imposed. In doing so, we note that the 10-year sentence for illegal possession of a stolen automobile was left intact by the court of appeal previously. Therefore, the only sentences vacated by the court of appeal previously and for which defendant must be resentenced now are two counts of armed robbery with the use of a firearm, La.R.S. 14:64, La.R.S. 14:64.3.

The application is otherwise denied. Applicant fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of

3

the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is further ordered to record a minute entry consistent with this per curiam.

**REMANDED**

STATE OF LOUISIANA          *

                            *

PARISH OF ORLEANS           *

### AFFIDAVIT

BEFORE ME, the undersigned Notary Public in and for the parish aforesaid, did personally come and appear R. JUDSON MITCHELL, JR. ("Affiant") who, after being duly sworn, did depose and state:

Affiant is a Clinical Professor at Loyola College of Law. Affiant, along with Danny Luneau, a student practitioner duly authorized to practice law under Louisiana Supreme Court Rule XX, represented KEITH COOPER in a criminal jury trial in Section J of Orleans Criminal District Court on April 5, 2011. Mr. Cooper was tried with a co-defendant, RONALD C. HOWARD, who was represented by Gaynell Wiliams.

At the conclusion of said trial, the jury retired to deliberate. As time passed and it got late into the night, affiant avers that the trial judge suggested that he go to the jury room and speak to the jury. Affiant, believing this to be in Mr. Cooper's interests, agreed to the suggestion, along with counsel for the co-defendant. Affiant was unaware of any absolute prohibition of a judge entering the jury room to speak to jurors and believed it appropriate if counsel agreed. Affiant does not recall if KEITH COOPER was present when the judge suggested this, although he avers that Mr. Cooper would have been aware of it. No attorneys were present when the judge subsequently met with the jury and affiant does not recall what, if anything, the judge said when he returned from meeting with the jurors. Some time after the meeting, the jury returned and found KEITH COOPER on the majority of counts against him and was unable to reach a verdict on the co-defendant's charge.

SWORN TO AND SUBSCRIBED before me, Notary Public, this 26th day of May, 2015 in New Orleans, Louisiana.

_____
R. Judson Mitchell, Jr.

_____
Notary Public
Bar Roll Number: 34887



OFFICIAL SEAL
ANDREA M. AGEE
BAR ROLL # 34887
STATE OF LOUISIANA
PARISH OF ORLEANS
My Commission is for Life



RESPONDENT'S
EXHIBIT
7